**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LYNTOYA JACKSON, | |
| Plaintiff, | Case No. 1:24-cv-00786 |
| **v.** | Hon. Judge Jorge L. Alonso |
| | Magistrate Judge Gabriel A. Fuentes |
| RIMLAND SERVICES NFP, | |
| Defendant. | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
AND NOTICE OF AFFIRMATIVE DEFENSES**

Defendant, Rimland Services NFP ("Defendant" or "Rimland"), by and through its attorneys, Joel W. Rice and Ryan T. Probasco of Fisher & Phillips LLP, submits its Answer to the Complaint filed by Plaintiff Lyntoya Jackson ("Plaintiff" or "Jackson"), and provides notice of its Affirmative Defenses as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.      Plaintiff brings this action seeking redress under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 et seq. ("Title VII") for sexual harassment, sex-based discrimination, retaliation for engaging in protected activity under Title VII, and hostile work environment.

**ANSWER:**  Defendant states that Paragraph 1 of Plaintiff's Complaint contains Plaintiff's characterization of her lawsuit and legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies each and every allegation as set forth therein.  Defendant denies that it violated Title VII, or that it engaged in any unlawful activity with respect to Plaintiff's former employment with Defendant, which gives rise to this Complaint.  Defendant denies the remaining allegations as set forth in Paragraph 1 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

2.      This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 as the Civil Rights Act of 1964 is a federal statute.

**ANSWER:** Defendant states that Paragraph 2 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that this Court maintains subject matter jurisdiction over this action but denies that Rimland engaged in any unlawful conduct that gives rise to this Complaint.

3.      Venue in this district is proper under 28 U.S.C. §1391(b)(2) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

**ANSWER:** Defendant admits that venue is proper in this Court but denies that it engaged in any unlawful conduct that gives rise to this Complaint.

## ADMINISTRATIVE PREREQUISITES

4.      All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have been satisfied.

**ANSWER:** Defendant states that Paragraph 4 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 4 of Plaintiff's Complaint.

5.      A charge of employment discrimination on the basis of sex, sexual harassment, and retaliatory discharge was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

**ANSWER:** Defendant states that Paragraph 5 of Plaintiff's Complaint contains Plaintiff's characterization of her Charge of Discrimination and legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that Plaintiff filed a Charge

of Discrimination with the EEOC, and that Plaintiff attaches as Exhibit A to her Complaint a copy

of her Charge of Discrimination

6.      Plaintiff received a Notice of Right to Sue from the EEOC on January 19, 2024

(attached hereto as Exhibit "B") and filed this lawsuit within ninety (90) days of Plaintiff's receipt

of the EEOC's Notice of Right to Sue.

**ANSWER:**  Defendant admits that the EEOC issued a Dismissal and Notice of Rights dated

January 19, 2024.  Defendant also admits that Plaintiff attaches as Exhibit B to her Complaint a

document titled "Dismissal and Notice of Rights."  Defendant lacks knowledge or information

sufficient to form a belief as to when Plaintiff "received" the Dismissal and Notice of Rights and,

therefore, denies the remaining allegations set forth in Paragraph 6 of Plaintiff's Complaint.

## PARTIES

7.      Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided

in Cook County, Illinois.

**ANSWER:**  Defendant lacks sufficient knowledge or information to form a belief as to the

truthfulness of the allegations as set forth in Paragraph 7 of Plaintiff's Complaint and, therefore,

denies all such allegations.

8.      Defendant is an organization that provides collaborative care for adults with autism.

**ANSWER:**  Defendant admits the allegations as set forth in Paragraph 8 of Plaintiff's Complaint.

9.      Defendant operates a facility located in Evanston, Illinois, where Plaintiff was

employed by Defendant.

**ANSWER:**  Defendant admits the allegations as set forth in Paragraph 9 of Plaintiff's Complaint.

10.      Plaintiff was employed by Defendant as an "employee" as defined by 42 U.S.C.

§2000e(f).

**ANSWER:** Defendant states that Paragraph 10 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that it formerly employed Plaintiff.

11. At all times relevant, Defendant had at least fifteen employees, was an "employer" as defined by Title VII, and was engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

**ANSWER:** Defendant states that Paragraph 11 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits the allegations as set forth in Paragraph 11 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

12. Plaintiff worked for Defendant as a DST from March 2014 until her unlawful termination on or about August 1, 2023.

**ANSWER:** Defendant admits that Plaintiff worked for Defendant as a Direct Support Professional (DSP) from 2014 until her termination on or about August 1, 2023. Defendant denies that it engaged in any unlawful activity with respect to Plaintiff's former employment with Defendant.

13. Plaintiff met or exceeded Defendant's performance expectations during her employment with Defendant.

**ANSWER:** Defendant denies the allegations as set forth in Paragraph 13 of Plaintiff's Complaint.

14. Plaintiff is female and is a member of a protected class because of her sex (female).

**ANSWER:** Defendant admits the allegations as set forth in Paragraph 14 of Plaintiff's Complaint.

15. Other similarly situated employees outside of Plaintiff's protected class (non-female individuals) were not subject to the same disparate treatment as Plaintiff.

**ANSWER:** Defendant denies the allegations as set forth in Paragraph 15 of Plaintiff's Complaint.

16.     Since at least February 2023 until August 1, 2023, Defendant subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of her sex in violation of Title VII.

**ANSWER:** Defendant denies the allegations as set forth in Paragraph 16 of Plaintiff's Complaint.

17.     Beginning in February 2023, Plaintiff's supervisor Michael Christopher ("Mr. Christopher") began sexually harassing Plaintiff.

**ANSWER:** Defendant denies the allegations as set forth in Paragraph 17 of Plaintiff's Complaint.

18.     Specifically, Mr. Christopher would repeatedly make sexually charged comments to Plaintiff indicating his desire to be sexually intimate with Plaintiff.

**ANSWER:** Defendant denies the allegations as set forth in Paragraph 18 of Plaintiff's Complaint.

19.     Plaintiff made it clear to Mr. Christopher that she opposed his actions and that his advances were unwelcomed.

**ANSWER:** Defendant states that it lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations as set forth in Paragraph 19 of Plaintiff's Complaint and, therefore, denies all such allegations.

20.     Shortly after Mr. Christopher began making sexual advances towards Plaintiff, Plaintiff engaged in protected activity by reporting Mr. Christopher's conduct to Defendant's human resources ("HR") department.

**ANSWER:** Defendant denies the allegations as set forth in Paragraph 20 of Plaintiff's Complaint.

21.     However, to Plaintiff's dismay, Defendant failed to investigate Plaintiff's grievance or otherwise take remedial action to prevent further sexual harassment and/or sex-based discrimination.

**ANSWER:** Defendant denies the allegations as set forth in Paragraph 21 of Plaintiff's Complaint.

22.     Following Plaintiff's initial reporting of the misconduct, she continued to be subjected to sexually inappropriate conduct perpetrated by Mr. Christopher.

**ANSWER:** Defendant denies the allegations as set forth in Paragraph 22 of Plaintiff's Complaint.

23.     As a result, Plaintiff again reported Mr. Christopher's sexual harassment to Defendant's HR department.

**ANSWER:** Defendant denies the allegations as set forth in Paragraph 23 of Plaintiff's Complaint.

24.     Despite Plaintiff's multiple reports, Defendant failed to conduct any investigations or otherwise take any action to protect Plaintiff from further sexual harassment.

**ANSWER:** Defendant denies the allegations as set forth in Paragraph 24 of Plaintiff's Complaint.

25.     As Plaintiff's pleas fell on deaf ears, Mr. Christopher continued to subject Plaintiff to offensive and unwelcomed sexual harassment.

**ANSWER:** Defendant denies the allegations as set forth in Paragraph 25 of Plaintiff's Complaint.

26.     In or around April 2023, Plaintiff's pay was inexplicably decreased from $24.00/hour to $19.00/hour.

**ANSWER:** Except to admit that Plaintiff's pay rate was decreased in February of 2023 as a result of Plaintiff being deauthorized as a DSP for not providing individuals with their seven (7) rights and not documenting the administration of medication in compliance with Rule 116, Defendant denies the allegations as set forth in Paragraph 26 of Plaintiff's Complaint.

27.     Defendant did not have a non-discriminatory reason for decreasing Plaintiff's wages.

**ANSWER:** Defendant denies the allegations as set forth in Paragraph 27 of Plaintiff's Complaint.

28.     In light of the circumstances, it became evident to Plaintiff that the decrease in her wages was in retaliation for Plaintiff reporting Mr. Christopher's sexual misconduct.

**ANSWER:**  Defendant states that it lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations concerning what "became evident" to Plaintiff as set forth in Paragraph 28 of Plaintiff's Complaint and, therefore, denies such allegation. Further answering, Defendant denies all remaining allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.     On or about July 14, 2023, fed up with the escalating sexual harassment, Plaintiff again reported Mr. Christopher's conduct, this time to HR via Microsoft Teams.

**ANSWER:**  Defendant denies the allegations as set forth in Paragraph 29 of Plaintiff's Complaint.

30.     On or around July 26, 2024, Defendant inexplicably suspended Plaintiff for 12 days.

**ANSWER:**  Except to admit that Plaintiff was suspended on July 26, 2023 for unexcused absences on July 18 and July 19, 2023, Defendant denies the allegations as set forth in Paragraph 30 of Plaintiff's Complaint.

31.     On or around August 1, 2023, Defendant terminated Plaintiff's employment based on absences that took place years ago.

**ANSWER:**  Defendant denies the allegations as set forth in Paragraph 31 of Plaintiff's Complaint.

32.     In light of the circumstances and the suspicious basis for termination, it became evident to Plaintiff that she was terminated for her persistent opposition of sexual harassment.

**ANSWER:**  Defendant denies the allegations as set forth in Paragraph 32 of Plaintiff's Complaint.

33.     Defendant is liable under Title VII because (1) Plaintiff's harasser held a managerial role; (2) Defendant failed to take any action in response to Plaintiff's multiple reports

of unlawful sexual harassment; and (3) Defendant retaliated against Plaintiff for engaging in protected activity by first decreasing her wages and then terminating her employment.

**ANSWER:** Defendant denies the allegations as set forth in Paragraph 33 of Plaintiff's Complaint and further denies that it engaged in any unlawful conduct or any conduct that gives rise to this Complaint.

34.     As a result of Plaintiff's wage decrease and ultimate termination, Plaintiff suffered adverse employment actions for engaging in protected activity.

**ANSWER:** Defendant denies the allegations as set forth in Paragraph 34 of Plaintiff's Complaint and further denies that it engaged in any unlawful conduct or any conduct that gives rise to this Complaint.

35.     As a direct and proximate result of Defendant's conduct, Plaintiff was repeatedly subjected to sexual harassment, which caused Plaintiff excruciating mental anguish and fear.

**ANSWER:** Defendant denies the allegations as set forth in Paragraph 35 of Plaintiff's Complaint and further denies that it engaged in any unlawful conduct or any conduct that gives rise to this Complaint.

36.     Moreover as a result of Plaintiff's termination, Plaintiff suffered loss of employment, loss of income, loss of employment benefits, mental anguish, emotional distress, decreased self-esteem, financial distress, and loss of enjoyment of life.

**ANSWER:** Defendant denies the allegations as set forth in Paragraph 36 of Plaintiff's Complaint.

### COUNT I
### Violation of Title VII of the Civil Rights Act
### (Sexual Harassment)

37.     Plaintiff repeats and re-alleges all the preceding paragraphs as if fully stated herein.

**ANSWER**: Defendant reasserts its answers to Paragraphs 1-36 of Plaintiff's Complaint as if fully set forth herein.

38.    By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment in violation of Title VII.

**ANSWER**: Defendant denies the allegations as set forth in Paragraph 38 of Plaintiff's Complaint and further denies that it engaged in any unlawful conduct or any conduct that gives rise to this Complaint.

39.    Plaintiff is a member of a protected class under Title VII due to Plaintiff's sex (female).

**ANSWER**: Defendant admits the allegations as set forth in Paragraph 39 of Plaintiff's Complaint.

40.    Defendant knew or should have known of the sexual harassment as Plaintiff repeatedly reported the same to Defendant.

**ANSWER**: Defendant denies the allegations as set forth in Paragraph 40 of Plaintiff's Complaint and further denies that it engaged in any unlawful conduct or any conduct that gives rise to this Complaint.

41.    The sexual harassment was unwelcomed, objectively offensive, and offended Plaintiff.

**ANSWER**: Defendant denies the allegations as set forth in Paragraph 41 of Plaintiff's Complaint and further denies that it engaged in any unlawful conduct or any conduct that gives rise to this Complaint.

42.    The sexual harassment was severe and pervasive.

**ANSWER:**  Defendant denies the allegations as set forth in Paragraph 42 of Plaintiff's Complaint and further denies that it engaged in any unlawful conduct or any conduct that gives rise to this Complaint.

43.    The unwanted sexual harassment was objectively and subjectively offensive and would have offended any reasonable person in Plaintiff's shoes.

**ANSWER:**  Defendant denies the allegations as set forth in Paragraph 43 of Plaintiff's Complaint and further denies that it engaged in any unlawful conduct or any conduct that gives rise to this Complaint.

44.    Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

**ANSWER:**  Defendant denies the allegations as set forth in Paragraph 44 of Plaintiff's Complaint and further denies that it engaged in any unlawful conduct or any conduct that gives rise to this Complaint.

45.    As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

**ANSWER:**  Defendant denies the allegations as set forth in Paragraph 45 of Plaintiff's Complaint and further denies that it engaged in any unlawful conduct or any conduct that gives rise to this Complaint.

**COUNT II**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Sex-Based Discrimination)**

46.    Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

**ANSWER:**  Defendant reasserts its answers to Paragraphs 1-45 of Plaintiff's Complaint as if fully set forth herein.

47.    By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex in violation of Title VII.

**ANSWER:** Defendant denies the allegations as set forth in Paragraph 47 of Plaintiff's Complaint and further denies that it engaged in any unlawful conduct or any conduct that gives rise to this Complaint.

48.     Plaintiff met or exceeded performance expectations.

**ANSWER:** Defendant denies the allegations as set forth in Paragraph 48 of Plaintiff's Complaint.

49.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class. Specifically, employees outside of Plaintiff's protected class (males) were not subjected to sexual harassment, retaliatory wage decreases, and/or retaliatory termination.

**ANSWER:** Defendant denies the allegations as set forth in Paragraph 49 of Plaintiff's Complaint and further denies that it engaged in any unlawful conduct or any conduct that gives rise to this Complaint.

50.     Plaintiff is a member of a protected class under Title VII due to Plaintiff's sex (female).

**ANSWER:** Defendant admits the allegations as set forth in Paragraph 50 of Plaintiff's Complaint.

51.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

**ANSWER:** Defendant denies the allegations as set forth in Paragraph 51 of Plaintiff's Complaint and further denies that it engaged in any unlawful conduct or any conduct that gives rise to this Complaint.

52.     As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

**ANSWER:** Defendant denies the allegations as set forth in Paragraph 52 of Plaintiff's Complaint and further denies that it engaged in any unlawful conduct or any conduct that gives rise to this Complaint.

## COUNT III
## Violation of Title VII of the Civil Rights Act
### (Retaliation)

53.     Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

**ANSWER:** Defendant reasserts its answers to Paragraphs 1-52 of Plaintiff's Complaint as if fully set forth herein.

54.     Plaintiff is a member of a protected class under Title VII.

**ANSWER:** Defendant admits the allegations as set forth in Paragraph 54 of Plaintiff's Complaint.

55.     During Plaintiff's employment with Defendant, Plaintiff repeatedly complained of and reported the sexual harassment to Defendant.

**ANSWER:** Defendant denies the allegations as set forth in Paragraph 55 of Plaintiff's Complaint.

56.     Accordingly, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII.

**ANSWER:** Defendant denies the allegations as set forth in Paragraph 56 of Plaintiff's Complaint.

57.     In response to Plaintiff's repeated complaints, Defendant repeatedly failed to conduct a prompt, thorough, and objective investigation(s) of Plaintiff's complaints of sexual harassment and sex-based discrimination.

**ANSWER:** Defendant denies the allegations as set forth in Paragraph 57 of Plaintiff's Complaint and further denies that it engaged in any unlawful conduct or any conduct that gives rise to this Complaint.

58.     Defendant failed to take necessary precautions to prevent further recurrences of the discriminatory and/or harassing conduct complained of by Plaintiff.

**ANSWER:** Defendant denies the allegations as set forth in Paragraph 58 of Plaintiff's Complaint and further denies that it engaged in any unlawful conduct or any conduct that gives rise to this Complaint.

59.     Instead, Defendant unlawfully retaliated against Plaintiff for opposing sexual harassment and/or gender discrimination by (1) decreasing her wages; and (2) terminating her employment.

**ANSWER:** Defendant denies the allegations as set forth in Paragraph 59 of Plaintiff's Complaint and further denies that it engaged in any unlawful conduct or any conduct that gives rise to this Complaint.

60.     As a result, Plaintiff suffered adverse employment actions in retaliation for engaging in a protected activity.

**ANSWER:** Defendant denies the allegations as set forth in Paragraph 60 of Plaintiff's Complaint and further denies that it engaged in any unlawful conduct or any conduct that gives rise to this Complaint.

61.     By virtue of the foregoing, Defendant violated Title VII.

**ANSWER:** Defendant denies the allegations as set forth in Paragraph 61 of Plaintiff's Complaint and further denies that it engaged in any unlawful conduct or any conduct that gives rise to this Complaint.

62.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

**ANSWER:** Defendant denies the allegations as set forth in Paragraph 62 of Plaintiff's Complaint and further denies that it engaged in any unlawful conduct or any conduct that gives rise to this Complaint.

63.     As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

**ANSWER:** Defendant denies the allegations as set forth in Paragraph 63 of Plaintiff's Complaint and further denies that it engaged in any unlawful conduct or any conduct that gives rise to this Complaint.

**COUNT IV**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Hostile Work Environment)**

64. Plaintiff repeats and re-alleges all the previous Paragraphs as though fully set forth herein.

**ANSWER:** Defendant reasserts its answers to Paragraphs 1-63 of Plaintiff's Complaint as if fully set forth herein.

65. "In order to establish a prima facie case of hostile environment sexual harassment, a plaintiff must show that: (1) she was subjected to unwelcome sexual harassment in the form of sexual advances, requests for sexual favors or other verbal or physical contact of a sexual nature; (2) the harassment was based on sex; (3) the sexual harassment had the effect of unreasonably interfering with the plaintiff's work performance in creating an intimidating, hostile or offensive working environment that affected seriously the psychological well-being of the plaintiff; and (4) there is a basis for employer liability." *Parkins v. Civil Constructors of Illinois, Inc.*, 163 F.3d 1027, 1032 (7th Cir. 1998).

**ANSWER:** Except to admit that the case law in Paragraph 65 of Plaintiff's Complaint speaks for itself, Defendant denies that it engaged in any unlawful conduct or any conduct that gives rise to this Complaint.

66. As set forth above, Defendant subjected Plaintiff to unwelcomed sexual harassment by failing to take any action in response to Plaintiff's complaints of Mr. Christopher's unwelcomed sexual advances.

**ANSWER:** Defendant denies the allegations as set forth in Paragraph 66 of Plaintiff's Complaint and further denies that it engaged in any unlawful conduct or any conduct that gives rise to this Complaint.

67.     Defendant's failure to act resulted in continued sexual harassment by Mr. Christopher.

**ANSWER:**  Defendant denies the allegations as set forth in Paragraph 67 of Plaintiff's Complaint and further denies that it engaged in any unlawful conduct or any conduct that gives rise to this Complaint.

68.     As set forth above, the sexual harassment was severe and pervasive and lasted for months.

**ANSWER:**  Defendant denies the allegations as set forth in Paragraph 68 of Plaintiff's Complaint and further denies that it engaged in any unlawful conduct or any conduct that gives rise to this Complaint.

69.     Moreover, the sexual harassment was committed by Plaintiff's supervisor and therefore the harassment created an offensive, intimidating, and hostile work environment for Plaintiff.

**ANSWER:**  Defendant denies the allegations as set forth in Paragraph 69 of Plaintiff's Complaint and further denies that it engaged in any unlawful conduct or any conduct that gives rise to this Complaint.

70.     There is a basis for employer liability because (1) Plaintiff's harasser held a managerial role; and (2) Defendant failed to take any action in response to Plaintiff's multiple reports of unlawful sexual harassment.

**ANSWER:**  Defendant denies the allegations as set forth in Paragraph 70 of Plaintiff's Complaint and further denies that it engaged in any unlawful conduct or any conduct that gives rise to this Complaint.

71.     As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

**ANSWER:** Defendant denies the allegations as set forth in Paragraph 71 of Plaintiff's Complaint and further denies that it engaged in any unlawful conduct or any conduct that gives rise to this Complaint.

**RELIEF REQUESTED**

**WHEREFORE**, Plaintiff requests the following relief:

      a.     Judgment in Plaintiff's favor and against Defendant;

      b.     An award of back pay and benefits;

      c.     An award of interest on back pay and benefits;

      d.     An award of front pay and benefits;

      e.     An award of compensatory damages for emotional distress and pain and suffering;

      f.     An award of pre-judgment and post-judgment interest;

      g.     An award of liquidated damages;

      h.     An award of punitive damages;

      i.     An award of reasonable attorney's fees and costs; and

      j.     Any further relief this Court may deem just and equitable.

**ANSWER:** The allegations following "WHEREFORE" in Plaintiff's Complaint are characterizations of Plaintiff's claims and statements of relief sought by Plaintiff to which no response is required. To the extent a further response is required, Defendant denies the allegations and requests that this Court deny the relief sought by Plaintiff.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

**ANSWER:** Defendant admits that Plaintiff "demands" a jury trial.

## <u>NOTICE OF AFFIRMATIVE DEFENSES</u>

1.     Without prejudice to Defendant's denials and other statements of its pleadings, Plaintiff's Complaint and each purported cause of action asserted against Defendant therein fails to set forth facts sufficient to constitute a claim and/or fails to state a claim upon which relief may be granted.

2.     Without prejudice to Defendant's denials and other statements of its pleadings, Plaintiff cannot recover to the extent her claims are barred by the applicable statute of limitations, or otherwise are based on untimely events.

3.     Without prejudice to Defendant's denials and other statements of its pleadings, Plaintiff's claims and/or damages are barred in whole or in part to the extent she failed to mitigate her alleged damages as required by law.

4.     Without prejudice to Defendant's denials and other statements of its pleadings, Defendant's employment decisions concerning Plaintiff were based upon legitimate, non-discriminatory, and non-retaliatory factors.

5.     Without prejudice to Defendant's denials and other statements of its pleadings, Defendant is not liable for any alleged injuries or damages resulting from the effects of Plaintiff's preexisting emotional, psychological, physical conditions, and/or alternative or concurrent cause which may not be the result of any act or omission of Defendant.

6.     Without prejudice to Defendant's denials and other statements of its pleadings, Plaintiff's claims for liquidated damages, treble damages, exemplary damages, special damages, and/or punitive damages are barred because Defendant's conduct was not willful, and/or Defendant's actions were in good faith, and Defendant had reasonable grounds for believing that any act or omission was not a violation of applicable law.

7.      Without prejudice to Defendant's denials and other statements of its pleadings, Plaintiff's potential recovery is barred in whole or in part because Defendant exercised reasonable care to prevent and promptly correct any discriminatory and/or retaliatory behavior, if any, and Plaintiff unreasonably failed to take advantage of preventative and corrective opportunities provided by Defendant or to avoid harm otherwise.

8.      Without prejudice to Defendant's denials and other statements of its pleadings, Plaintiff's claims are barred to the extent she failed to satisfy the conditions precedent to filing the claims in her Complaint and/or failed to exhaust her administrative remedies.

## RESERVATION OF RIGHTS

Defendant's investigation is ongoing and discovery in this action is not complete.  Thus, in accordance with applicable Rules and Court Orders, Defendant reserves its right to raise additional defenses as may be discovered during the course of these proceedings.

## CONCLUSION

Defendant, Rimland Services NFP, denies that Plaintiff is entitled to monetary, declaratory, or injunctive relief or judgment in any sum whatsoever, and respectfully requests that the Court enter judgment in its favor with costs and reasonable attorneys' fees assessed against Plaintiff, as well as such other and further relief that this Court deems just and proper.

Dated:  April 3, 2024

Respectfully submitted,

*/s/ Joel W. Rice*

**RIMLAND SERVICES NFP**

Joel W. Rice
Ryan T. Probasco
FISHER & PHILLIPS, LLP
10 South Wacker Drive, Suite 3450
Chicago, Illinois 60606
jrice@fisherphillips.com
rprobasco@fisherphillips.com
(t) 312.346.8061
(f) 312.346.3179

*Counsel for Defendant*

FP 49740160.1

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on April 3, 2024, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

Respectfully submitted,

<u>*/s/ Joel W. Rice*</u>
Joel W. Rice